IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL Z. MALDONADO,

                 Petitioner,          OPINION AND ORDER

     v.                                               08-cv-05-bbc

RICK RAEMISCH, Secretary,
Wisconsin Department of Corrections,

                 Respondent.

---

     On January 4, 2008, petitioner Daniel Maldonado filed a document labeled as a petition for a writ of habeas corpus. On February 7, 2008, after this court denied his request to proceed *in forma pauperis*, petitioner paid the five dollar filing fee. The petition is now before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

     From the petition and records available electronically, I find that the petition fairly alleges the following.

ALLEGATIONS OF THE PETITION

     On September 11, 2002, petitioner entered a guilty or no contest plea in the Circuit Court for Sauk County to two counts of causing a child aged 13-18 to view sexual activity, in violation of Wis. Stat. § 948.055(1). Petitioner was sentenced to five years' probation.

On or about March 5, 2005, petitioner submitted to a polygraph at the request of the Department of Corrections. Petitioner's probation agent, Christopher Nolet, told petitioner that he had failed the polygraph and therefore he would be placed on intensive supervision, a more restrictive form of probation that consisted essentially of house arrest.

Petitioner remained on intensive supervision until approximately May 22, 2007. On that date, which was approximately 90 days before petitioner's probation was to expire, the department placed petitioner in custody and instituted proceedings to revoke his probation. On September 7, 2007, after a hearing, the department ordered petitioner's probation revoked. Petitioner unsuccessfully appealed this decision to David Schwarz, Administrator of the Division of Hearings and Appeals. Petitioner is currently in custody at the Sauk County jail waiting to be sentenced by the circuit court.

During the course of appealing the revocation of his probation, petitioner learned that he had not actually "failed" the March 2005 polygraph or two subsequent tests but that the tests had actually been "inconclusive."

OPINION

On January 4, 2008, petitioner filed the instant petition. Although petitioner labeled the petition as a petition for a writ of habeas corpus, he asked for the following relief: 1) an order declaring that the 27-month term that petitioner served on "house arrest" was "oppressively and fraudulently forced upon the petitioner" and ordering the Circuit Court

2

for Sauk County to credit this 27 months against any post-revocation sentence that it imposes upon petitioner; and 2) an order directing the Circuit Court for Dane County to commence John Doe proceedings against agent Nolet and his supervisors to determine whether they have committed similar misconduct against other probationers.  In addition, petitioner filed a motion for the appointment of counsel and for an order compelling the Department of Corrections to produce the results of three polygraph examinations that petitioner took between 2005 and 2007.  Finally, on February 7, 2008, petitioner filed a motion to convert his petition for a writ of habeas corpus to a petition for a writ of mandamus.

I begin with petitioner's request to convert his petition for habeas relief into a petition for a writ of mandamus.  I presume that petitioner is asking this court to use its power to direct the Circuit Court for Sauk County to award petitioner sentence credit for the 27 months he spent on intensive supervision and to direct the Circuit Court for Dane County to institute John Doe proceedings against petitioner's probation agent.  However, federal district courts lack jurisdiction to issue a writ of mandamus to direct state courts in the performance of their duties.  In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Van Sickle v. Holloway, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973) (per curiam); Haggard v. Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969) (per curiam); Clark v. Washington, 366 F.2d 678, 681-82 (9th Cir. 1966).  Thus, if

petitioner is insisting on mandamus relief, his petition must be dismissed for lack of jurisdiction.

Habeas corpus might be a viable remedy with respect to petitioner's claim that he is entitled to 27 months' credit against any post-revocation sentence the circuit court might impose. This claim affects the duration of petitioner's sentence, so a petition seeking relief under § 2254 is appropriate. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Even so, the petition must be dismissed. Habeas corpus relief is available to a state prisoner under § 2254 "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). I am aware of no federal law holding that time that a probationer serves under "intensive sanctions" like those imposed on petitioner must be credited towards any post-revocation sentence subsequently ordered, or alternatively, that such sentence credit is a constitutionally-mandated remedy for misconduct by a probation agent. Accordingly, because petitioner has no viable constitutional claim, habeas relief under § 2254 is not available.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court shall summarily dismiss a petition where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Dellenbach v. Hanks, 76 F.3d 820 (7th Cir. 1996). It is plain from the petition that there is no merit to petitioner's claim that he has a federally-guaranteed right to sentence credit for the time he spent on intensive supervision, even if that supervision was

unlawfully imposed. Accordingly, the petition must be dismissed. His motions for the appointment of counsel and for the production of polygraph records will be denied as moot, now that his petition is being dismissed.

ORDER

IT IS ORDERED that the petition of Daniel Maldonado for a writ of habeas corpus is DISMISSED WITH PREJUDICE.

Petitioner's motions for the appointment of counsel and for the production of polygraph records are denied as moot.

Entered this 20th day of February, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge